UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE CINCINNATI INSURANCE )
COMPANY, )
 )
 Plaintiff, )
 )
 vs. ) No. 4:09CV234-DJS
 )
FINE HOME MANAGERS, INC., )
et al., )
 )
 Defendants. )

ORDER

Now before the Court is defendant Fine Home Managers, Inc.'s motion to compel discovery from plaintiff Cincinnati Insurance Company [Doc. #27]. Plaintiff opposes defendant Fine Home Managers' motion, and defendant Fine Home Managers has filed a reply brief. Accordingly, the motion is ready for disposition.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Armstrong v. Hussmann Corp., 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "A district court is afforded wide

discretion in its handling of discovery matters." Cook v. Kartridq Pak Co., 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

Given that the Federal Rules of Civil Procedure allow for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited. See Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. St. Paul Reinsurance Co., 198 F.R.D. at 511-12. "[T]he party resisting discovery must show specifically how...each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." Id. (citations omitted); see also Turner v. Moen Steel Erection, Inc., 2006 WL 3392206, at *5 (D. Neb. Oct. 5, 2006) (stating that the party resisting discovery has "an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents").

Briefly stated, plaintiff alleges in its complaint the following facts. Plaintiff issued a policy of general liability insurance to defendant Fine Home Managers, with effective dates of March 1, 2006, to March 1, 2009 (the "Policy"). In or after August 2006, defendants Bill and Carol Adcock filed a separate lawsuit in Missouri state court against defendant Fine Home Managers alleging breach of contract, negligence, and res ipsa loquitor. Defendant Fine Home Managers submitted a claim for coverage under the Policy with plaintiff. Plaintiff conducted an investigation of the claim, and concluded that no coverage existed under the Policy. However, plaintiff tendered, and continues to provide, a defense against the Adcock defendants' lawsuit pursuant to a reservation of rights. Plaintiff alleges that it has no duty to defend or indemnify defendant Fine Home Managers in the underlying state litigation, and seeks from this Court a declaration regarding the parties' rights and obligations under the Policy.

Defendant Fine Home Managers has filed an answer with affirmative defenses, in which it asks that the Court declare that plaintiff is liable under the Policy for defending and indemnifying defendant Fine Home Managers in the pending state action. Among other affirmative defenses, defendant Fine Home Managers contends that to the extent the Policy excludes coverage, it is ambiguous.

In its current discovery motion, defendant Fine Home Managers generally requests that the Court grant its motion to compel responses and responsive documents to its requests for

production of documents. Nowhere in defendant Fine Home Managers' motion are the sought after requests for production specifically identified. However, defendant Fine Home Managers does reference exhibit emails between the parties' counsel, wherein it appears that counsel discussed (with specific references to request numbers) plaintiff's failure to respond to defendant Fine Home Managers' first set of requests for production of documents numbers 6, 7, 8, 9, 10, and 11. Doc. #27-2, p. 6. Requests 6, 7, and 8 pertain to documents related to the existence of any relationship (e.g., an agency relationship) between plaintiff and Berry-Lander Insurance Services and/or Ms. Debby Fiscus-Meyer, C.J. Thomas Company Inc. and/or Ms. Debby Fiscus-Meyer, and Jerome L. Howe Inc. and/or Ms. Debby Fiscus-Meyer. Requests 9, 10, and 11 pertain to certain communications by and between plaintiff and Berry-Lander Insurance Services and/or Ms. Debby Fiscus-Meyer, C.J. Thomas Company Inc. and/or Ms. Debby Fiscus-Meyer, and Jerome L. Howe Inc. and/or Ms. Debby Fiscus-Meyer. Doc. #27-1, pp. 8-10.

In opposition to defendant Fine Home Managers' motion, plaintiff argues that, because no ambiguity has yet been found to exist in the Policy, responding to defendant Fine Home Managers' requests for agency documents will not produce information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, plaintiff argues that defendant Fine Home Managers' requests are overbroad, because they seek documents that go beyond the agency materials in effect at the time the

4

Policy was entered into by the parties.  Finally, plaintiff argues that defendant Fine Home Managers' own agent is a party to the agency contracts it seeks, and therefore can access such documents itself.

Although the parties do not agree that the Policy is unambiguous, that issue is not currently before the Court. Accordingly, a ruling as to whether the requested documents will be inadmissible is premature. See Summen Prods. Co. v. Travelers Cas. & Sur. Co. of Am., 2010 WL 743633, at *2 (E.D. Mo. Feb. 25, 2010) ("Although Defendant may disagree with Plaintiff's claim that the [policy] is ambiguous, that issue is not before the Court. Assuming that the [policy] is ambiguous, as Plaintiff claims, then extrinsic evidence would be relevant.... Plaintiff's claim that the [policy] is ambiguous has met the 'low threshold' to make the materials requested discoverable." (citations omitted)); see also Memdata, LLC v. Intermountain Healthcare, Inc., 2009 WL 2984038 (D. Utah Sept. 17, 2009) (distinguishing between admissibility and discoverability); Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 1991 WL 78200, at *1 (E.D. Pa. May 7, 1991) (stating that, because the issue of the ambiguity of the parties' agreement was not yet before the court, "the information sought by the policyholders concerning the drafting history of the policy language, the insurers' participation in insurance organizations and their adoption of particular policy language is relevant as it may lead to admissible evidence concerning the insurers' intent and their

interpretation of the policies"). The documents sought by defendant Fine Home Managers in its first set of requests for production of documents numbers 6, 7, 8, 9, 10, and 11 are sufficiently relevant to plaintiff's claims, and are therefore discoverable. Further, the Court finds the requested time frame is not unreasonable, and, as no estimated number of hours or monetary cost to plaintiff is provided, the Court is not persuaded that the amount of time or money required to answer defendant Fine Home Managers' requests will be unduly burdensome.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Fine Home Managers, Inc.'s motion to compel discovery from plaintiff Cincinnati Insurance Company [Doc. #27] is granted as follows.

**IT IS FURTHER ORDERED** that, on or before **August 10, 2010**, plaintiff shall respond to defendant Fine Home Managers' first set of requests for production of documents numbers 6, 7, 8, 9, 10, and 11.

Dated this __27th__ day of July, 2010.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE